**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4121**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL PATTERSON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-99-165-10-V)

———————————

Submitted: August 23, 2006      Decided: September 13, 2006

———————————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal is before the court after our limited remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Darryl Patterson appeals the 262-month sentence imposed after remand, on his conviction for conspiracy to possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Patterson argues that the sentencing court erred in sentencing him under the Sentencing Guidelines provision for murder, and also that the court erred by not departing further from the guideline range so calculated. We find that the district court properly applied the guidelines and that the sentence imposed is reasonable. We therefore affirm the sentence.

This court reviews the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. If the sentence imposed is within the advisory guideline range, it will be

presumed to be a reasonable sentence. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Patterson contends that his sentence is unlawful because the district court made findings that increased his sentence beyond what it would be based only on facts found by the jury. While it is true that the district court made such factual findings, this does not result in an unlawful sentence, as long as the sentence does not exceed the limits of the statute of conviction. Indeed, after Booker, the sentencing court is authorized to make factual findings in order to appropriately determine the defendant's advisory range under the guidelines. See Davenport, 445 F.3d at 370. These authorized factual findings would include a finding as to whether "a victim was killed under circumstances that would constitute murder under 18 U.S.C.A. § 1111 [West Supp. 2005]," which would require application of the murder guideline provision, USSG § 2A1.1 (First Degree Murder).[1] See USSG § 2D1.1(d)(1).[2]

Patterson also asserts that the court erred in finding that the murder cross-reference applies. He contends that the jury's verdict acquitting him of the firearm conspiracy charge equates with the jury's rejection of the evidence that he participated in the home invasion that resulted in the victim's

---

[1]Section 1111 provides that "[e]very murder . . . perpetrated . . . by robbery . . . is murder in the first degree." 18 U.S.C. § 1111(a).

[2]U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (2000).

- 3 -

death.  This is not necessarily the case.  Moreover, even if the jury did reject the evidence concerning Patterson's participation in the home invasion, we have previously held that a sentencing court may enhance a defendant's sentence based on its findings of conduct by a preponderance of the evidence, even if the jury acquitted the defendant of that conduct.  See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).  We conclude that the district court did not clearly err in determining that "a victim was killed under circumstances that would constitute murder under 18 U.S.C.A. § 1111," and therefore properly applied the murder guideline.  See USSG § 2D1.1(d)(1).

Patterson next contends that the seven-level downward departure that the district court applied is unreasonable under the circumstances of the case where he was convicted of a drug-related offense, but sentenced for murder, and he did not intend to kill, nor did he pull the trigger.  He argues that he should have been granted a ten-level departure to level 33, because the offense conduct was more like second degree murder than first degree murder.  However, the sentencing court limited its departure, noting the "recklessness of the conduct" and the context in which the offense occurred.  The court also emphasized "the need to afford adequate deterrence and to protect the public."  In light of the advisory nature of the guidelines and its consideration of the

factors in § 3553(a), the sentencing court found that a departure to level 36 was appropriate.

Because the district court adequately explained the basis for its sentencing decision and considered both Patterson's arguments and the § 3553(a) factors with respect to Patterson and his conduct, we find that the resulting 262-month sentence is reasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir.), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); Green, 436 F.3d at 457.

Accordingly, we affirm Patterson's 262-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED